COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


SUPER 8 MOTEL AND
 CONTINENTAL CASUALTY COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 0477-97-3                              PER CURIAM
                                                      JULY 29, 1997
CYNTHIA ROSALIE BREEDEN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Roya Palmer; Law Offices of Richard A. Hobson, on
                brief), for appellants.

                (Terry L. Armentrout; Armentrout & Armentrout, on
                brief), for appellee.


        Super 8 Motel and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission (commission) erred in reversing the deputy

commissioner's credibility determination and finding that

Cynthia R. Breeden (claimant) proved she sustained an injury by

accident arising out of and in the course of her employment on

December 14, 1995.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Claimant testified that she slipped on ice and fell on her back at approximately 3:30 a.m. on December 14, 1995 while at work. Her testimony was corroborated by the medical histories and her immediate notification of the accident to her supervisor. Thus, credible evidence supports the commission's finding that claimant sustained an injury by accident arising out of and in the course of her employment on December 14, 1995. That finding is conclusive on this appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Employer argues that the commission erred in reversing the deputy commissioner's credibility determination. We disagree. If, as in this case, "the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992). The deputy commissioner's credibility determination was based on the evidence and the substance of the witnesses' testimony. Therefore, the full commission could make its own credibility

determination.  See id.  In its role as fact finder, the commission was entitled to accept claimant's testimony, which was not inherently incredible.

For these reasons, we affirm the commission's decision.

Affirmed.